## Cantera, Incompetent

*William J. Scott, Jr.,* for mother.

*Eugene A. Steger, Jr.,* for father.

OPINION BY WOOD, J., APRIL 7, 1981:

This case involves the request of a mother of a retarded 24 year old son to be appointed the guardian of the person for that son. There is no question but that the son is severely retarded, and in need of a guardian to make the decisions for him that he is clearly now unable to make for himself. The unusual factor which converts this into a litigated adversary proceeding is that Danny Cantera's father ,who is separated from Danny's mother, opposes having her appointed as sole guardian of the person, and asks either that he be appointed jointly with her, or alone to be guardian of Danny. As the testimony developed in this case, it became clear that the court was faced with two strong-minded persons with different visions for Danny's future, and that the choice is not so much whether either is suitable to act as his guardian (both clearly are[1]), but which vision appeared best to serve Danny's long-term best interests.

During oral argument of this matter, we suggested to the parties that the proper resolution of this case may oblige the court to make a determination as to whether or not Danny was amenable to the sort of behavioral therapy that he was receiving at Woodhaven. As we view the positions of the parties,

---

1. We do, however, agree with the position taken by counsel for Mrs. Cantera and for Danny, that the parties should not be appointed co-guardians. That would only avoid and perpetuate the problem.

Mrs. Cantera is saying that she is persuaded that Danny can, with training, become able to live in community-based housing and participate in vocational programs requiring a minimum of skills. From our personal observations of Danny when he was present in court, he is a long way from having that capability, although we are simply not in a position to rule out the possibility that he could be helped to become capable.

Mr. Cantera seems to be telling the court that Danny is not capable of that development; that Mrs. Cantera is being misled because she cannot cope with Danny herself; and that he (Mr. Cantera) is willing to take Danny into his home and provide for him as he currently is.

We think that some of what is being said by each party has elements of truth in it, and that everything that is being said by the parties is being put forth in good faith, and we are even willing to concede that to our own untutored eye, Mr. Cantera's view of Danny's potentialities is probably more realistic. However, in considering this matter (which we have done at some length, without being able to arrive at what we consider to be clear and unassailable conclusions), we find ourselves coming back again and again to an observation made by Mrs. Cantera's counsel, to the effect that Mrs. Cantera at least offers a prognosis of hope, a positive program for Danny's future. It would be inaccurate to characterize Mr. Cantera's outlook as negative; we were impressed with his concern and understanding of the situation. But if we are to err, we would prefer to err in favor of Mrs. Cantera at this point. If it eventually appears that Danny will never progress beyond the point that he has achieved now, it may be that different arrangements will have to be made. However, we would like to give him the fullest opportunity available at this time.

It should be stated before closing that we are willing to appoint a guardian of the person in order to facilitate the arrangements that will have to be made for Danny's future. We do not intend by our Order hereinafter entered to foreclose any of Mr. Cantera's rights as a parent, or to suggest for a minute that he should be closed out of the planning for Danny's future. We simply suggest that if the parties cannot agree, the deciding vote will belong to Mrs. Cantera.

Counsel for Danny has suggested that we appoint a guardian of the estate as well. That request was not part of the prayer of the original petition, and we don't think that any of the testimony developed during the hearing is directed toward that point, and so we decline to act on that request, without prejudice.

## *O R D E R*

And Now, this 7th day of April, 1981, after hearing held in the above matter, we find that Daniel G. Cantera is incompetent and unable to care for himself, and we appoint his mother, Barbara Cantera, as guardian of his person.